# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

_____

SYNOPSYS, INC.,

*Plaintiff-Appellant,*

v.

MICHELLE K. LEE, Director, U.S. Patent & Trademark Office, and Deputy Under Secretary of Commerce for Intellectual Property, UNITED STATES PATENT AND TRADEMARK OFFICE, MENTOR GRAPHICS CORPORATION,

*Defendants-Appellees.*

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA, No. 1:14-cv-00674 (Judge James C. Cacheris)

_____

## BRIEF FOR THE FEDERAL APPELLEES

_____

NATHAN K. KELLEY
  *Solicitor*
JAMIE L. SIMPSON
SCOTT C. WEIDENFELLER
  *Associate Solicitors*
  *Office of the Solicitor – Mail Stop 8*
  *U.S. Patent and Trademark Office*
  *P.O. Box 1450*
  *Alexandria, Virginia  22313-1450*

BENJAMIN C. MIZER
  *Principal Deputy Assistant*
  *Attorney General*

DANA J. BOENTE
  *United States Attorney*

MARK R. FREEMAN
MELISSA N. PATTERSON
  *(202) 514-1201*
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7230*
  *U.S. Department of Justice*
  *950 Pennsylvania Ave., N.W.*
  *Washington, D.C.  20530*

# TABLE OF CONTENTS

**Page(s)**

STATEMENT OF RELATED CASES

STATEMENT OF JURISDICTION ........................................................................ 1

STATEMENT OF THE ISSUE ............................................................................... 1

STATEMENT OF THE CASE ................................................................................ 2

A.   INTRODUCTION ........................................................................................ 2

B.   STATUTORY AND REGULATORY BACKGROUND ................................. 3

　　1.   Inter Partes Review ........................................................................... 3

　　2.   PTO Regulations Governing Inter Partes Review ............................. 5

C.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY ................... 7

　　1.   Inter Partes Review Of The '376 Patent ........................................... 7

　　2.   Mentor's APA Challenge To The PTO's Institution Decision ............... 7

　　3.   Synopsys's APA Challenge To The PTO's Decisions .............................. 9

　　4.   The District Court's Decision ........................................................... 10

SUMMARY OF ARGUMENT ............................................................................ 12

STANDARD OF REVIEW ................................................................................... 14

ARGUMENT ....................................................................................................... 14

I.   THE DISTRICT COURT CORRECTLY DISMISSED
     SYNOPSYS'S COMPLAINT, WHICH ALLEGED A
     CASE-SPECIFIC CHALLENGE TO THE PTO'S DECISIONS
     IN A PARTICULAR INTER PARTES REVIEW ........................................... 14

A.    The District Court Correctly Understood Synopsys's Complaint To Challenge Specific Inter Partes Review Decisions ............................. 14

B.    Synopsys Cannot Ignore Its Complaint On Appeal ................................ 18

C.    Synopsys's Reliance On *Bowen* And *McNary* Is Misplaced ...................... 21

D.    The District Court Correctly Dismissed the Complaint .......................... 23

II.    AS PRESENTED ON APPEAL, SYNOPSYS'S APA CHALLENGE WOULD FAIL FOR LACK OF STANDING ................................................... 28

CONCLUSION ........................................................................................ 35

CERTIFICATE OF COMPLIANCE WITH
FEDERAL RULE OF APPELLATE PROCEDURE 32(a)

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**Cases:** <span style="float:right">**Page(s)**</span>

*Block v. Community Nutrition Inst.*,
  467 U.S. 340 (1984)...............................................................................23, 24

*Block v. North Dakota*,
  461 U.S. 273 (1983)..................................................................................... 24

*Bowen v. Michigan Academy of Family Physicians*,
  476 U.S. 667 (1986)................................................................................21, 22

*Clapper v. Amnesty Int'l USA*,
  133 S. Ct. 1138 (2013) ...........................................................................29, 30

*Conoco, Inc. v. U.S. Foreign-Trade Zones Bd.*,
  18 F.3d 1581 (Fed. Cir. 1994)....................................................................... 24

*Consumer Watchdog v. Wisconsin Alumni Research Found.*,
  753 F.3d 1258 (Fed. Cir. 2014).................................................................... 33

*In re Cuozzo Speed Techs., LLC*,
  No. 14-1301, 778 F.3d 1271 (Feb. 4, 2015) .........................4, 13, 23, 33, 34

*Interactive Gift Express, Inc. v. Compuserve Inc.*,
  256 F.3d 1323 (Fed. Cir. 2001)..................................................................... 27

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992)....................................................................................... 32

*Lujan v. National Wildlife Fed'n*,
  497 U.S. 871, 891 (1990) ............................................................................. 34

*Madstad Eng'g, Inc. v. U.S. Patent and Trademark Office*,
  756 F.3d 1366 (Fed. Cir. 2014)..................................................................... 33

*McNary v. Haitian Refugee Center, Inc.*,
  498 U.S. 479 (1991).................................................................................21, 22

*National Park Hospitality Ass'n v. Department of Interior,*
   538 U.S. 803 (2003)................................................................................... 34

*Paradise Creations, Inc. v. UV Sales, Inc.,*
   315 F.3d 1304 (Fed. Cir. 2003)................................................................. 32

*Pregis Corp. v. Kappos,*
   700 F.3d 1348 (Fed. Cir. 2012)................................................ 14, 23, 24, 27

*Reno v. Catholic Soc. Servs., Inc.,*
   509 U.S. 43 (1993)................................................................................. 22, 29

*Shalala v. Illinois Council on Long Term Care, Inc.,*
   529 U.S. 1 (2000)................................................................................... 22, 23

*Sierra Club v. EPA,*
   719 F.2d 436 (D.C. Cir. 1983) .................................................................. 32

*St. Jude Med., Cardiology Div., Inc. v. Volcano Corp.,*
   749 F.3d 1373 (Fed. Cir. 2014) .................................................................. 4

*Summers v. Earth Island Inst.,*
   555 U.S. 488 (2009)................................................................................... 29

*Valley Forge Christian Coll. v. Americans United for Separation*
   *of Church and State, Inc.,* 454 U.S. 464 (1982)...................................... 34

*Whitmore v. Arkansas,*
   495 U.S. 149 (1990)................................................................................... 30

## Statutes:

Leahy-Smith America Invents Act,
   Pub. L. No. 112-29, 125 Stat. 284 (2011)................................................... 3

5 U.S.C. § 704........................................................................ 8, 12, 16, 25, 27

28 U.S.C. § 1295(a)(1) ................................................................................. 1

28 U.S.C. § 1331 ........................................................................................... 1

28 U.S.C. § 2201 ................................................................................. 1

35 U.S.C. § 141(c) ..................................................................... *passim*

35 U.S.C. §§ 311-319 ......................................................................... 3

35 U.S.C. § 311(a) ............................................................................. 3

35 U.S.C. § 311(b) ............................................................................. 3

35 U.S.C. § 312(a) ........................................................................... 32

35 U.S.C. § 312(a)(3) ......................................................................... 3

35 U.S.C. § 314(a) ...................................................................... 4, 32

35 U.S.C. § 314(b) ............................................................................. 4

35 U.S.C. § 314(d) ..................................................................... *passim*

35 U.S.C. § 315(a) ........................................................................... 32

35 U.S.C. § 316(a)(2) ......................................................................... 5

35 U.S.C. § 316(a)(4) ......................................................................... 5

35 U.S.C. § 315(b) ........................................................................... 32

35 U.S.C. § 315(e) ............................................................................. 6

35 U.S.C. § 316(a) ........................................................................ 4, 5

35 U.S.C. § 316(b) ............................................................................. 5

35 U.S.C. § 316(c) ............................................................................. 4

35 U.S.C. § 318(a) .................................................................. 4, 10, 13

35 U.S.C. § 319 .......................................................... 4, 11, 13, 25, 33

**Regulatory Materials:**

37 C.F.R. §§ 42.1-42.80 ........................................................................................ 6

37 C.F.R. § 42.4(a) .............................................................................................. 4

37 C.F.R. § 42.73(d)(1) ........................................................................................ 6

37 C.F.R. §§ 42.100-42.123 ................................................................................. 5

37 C.F.R. § 42.100(b) .......................................................................................... 33

37 C.F.R. § 42.108 ............................................................................................... 5

37 C.F.R. § 42.108(a) ................................................................... 5, 19, 28, 29, 32

77 Fed. Reg. 48,680 (Aug. 17, 2012) ................................................................... 6

**Rules:**

FED. R. APP. P. 4(a)(1)(B) ..................................................................................... 1

**Other Authorities:**

33 Charles Alan Wright & Charles H. Koch, Jr., *Federal Practice and
Procedure: Judicial Review* § 8313 (2006) ........................................................ 32

## STATEMENT OF RELATED CASES

In this civil action under the Administrative Procedure Act (APA), plaintiff-appellant Synopsys, Inc. (Synopsys) contends that the Patent and Trademark Office (PTO) erred in its inter partes review of U.S. Patent No. 6,240,376, which is assigned to defendant-appellee Mentor Graphics Corp. (Mentor).

This appeal is related to *Synopsys, Inc. v. Mentor Graphics*, Nos. 2014-1516 and 2014-1530 (Fed. Cir.), which involve cross-appeals from the PTO's final patentability decision in the same inter partes review proceeding. This appeal is also related to *Mentor Graphics v. Lee*, No. 2013-1669 (Fed. Cir.), in which Mentor appeals the dismissal of its own APA action challenging the PTO's decision to institute the same inter partes review proceeding.

This Court's decision in *Versata Development Group, Inc. v. Lee*, No. 2014-1145, (Fed. Cir.) (argued Dec. 3, 2014) (*Versata*), may affect the outcome of this appeal. The Court has already ordered that *Mentor Graphics v. Lee*, No. 2013-1699, a related case noted above, be stayed pending the Court's decision in *Versata*. *See* No. 2013-1699, Order of July 30, 2014.

This case may also be affected by the Court's resolution of the pending petition for rehearing en banc in *In re Cuozzo Speed Techs., LLC*, No. 14-1301, 778 F.3d 1271 (Feb. 4, 2015).

## STATEMENT OF JURISDICTION

Synopsys invoked the district court's jurisdiction under 28 U.S.C. §§ 1331, 2201.  Complaint at 3 ¶ 8 [JA33].  The district court issued a final judgment dismissing for lack of jurisdiction on October 9, 2014.  District Court Opinion (Op.) [JA1-23].  Synopsys filed a timely notice of appeal on December 2, 2014.  JA593; *see* Fed. R. App. P. 4(a)(1)(B).  This Court has jurisdiction under 28 U.S.C. § 1295(a)(1).

## STATEMENT OF THE ISSUE

Under section 141(c) of the Patent Act, "[a] party to an inter partes review . . . who is dissatisfied with the final written decision of the Patent Trial and Appeal Board . . . may appeal the Board's decision only to the United States Court of Appeals for the Federal Circuit."  35 U.S.C. § 141(c).  Appellant Synopsys is dissatisfied with the Board's decision in an inter partes review and has duly appealed to this Court.  *See Synopsys Inc. v. Mentor Graphics Corp.*, No. 2014-1516 (Fed. Cir. filed June 4, 2014).  In addition, however, Synopsys filed this civil action in federal district court, alleging that the PTO erred in both its final written decision and its initial decision instituting that inter partes review.  The district court recognized Synopsys's challenge as an attack on the Board's institution and final decisions in the inter partes review and dismissed the complaint for lack of jurisdiction.

The question presented is whether the district court correctly dismissed Synopsys's complaint.

## STATEMENT OF THE CASE

### A.    INTRODUCTION

This is a civil action under the Administrative Procedure Act challenging the PTO's institution and final decisions in an inter partes review.  Mentor is the assignee of U.S. Patent No. 6,240,376 ("the '376 patent").  Synopsys filed a petition for inter partes review of 29 claims in the '376 patent.  The Patent Trial and Appeal Board (Board), acting on behalf of the Director, granted the petition as to 12 of the claims identified in the petition and instituted an inter partes review (No. IPR2012-00042) as to those claims.  On February 19, 2014, the Board issued its final written decision with respect to the patentability of the 12 reviewed claims, concluding that three were unpatentable but that Synopsys had not carried its burden to demonstrate the unpatentability of the remaining nine.  Synopsys exercised its statutory right to appeal "only" to this Court, 35 U.S.C. § 141(c), and Mentor cross-appealed.

At the same time, Synopsys filed this civil action against the PTO in federal district court alleging error in the same inter partes review proceeding.  Synopsys alleged that the Board had erred in failing to institute review of all of the claims in the '376 patent that Synopsys had challenged.  Synopsys requested an order from the district court directing the agency to render a new institution decision and "issue a final written decision with respect to the patentability of all claims challenged by Synopsys in its petition for *inter partes* review."  Complaint at 11 [JA41].

2

The district court dismissed the complaint for lack of jurisdiction, explaining that Congress has designated this Court as the exclusive venue for judicial review of the PTO's determinations in inter partes review proceedings and that Synopsys cannot not collaterally attack the agency's decisions under the APA. This appeal followed.

**B.    STATUTORY AND REGULATORY BACKGROUND**

**1.    Inter Partes Review**

Congress created the inter partes review process as part of the Leahy-Smith America Invents Act (AIA), Pub. L. No. 112-29, 125 Stat. 284 (2011), which revised and substantially expanded the administrative mechanisms by which third parties can ask the PTO to reconsider the patentability of claims in an issued patent. *See generally* 35 U.S.C. §§ 311-319. In general, anyone except the owner of the patent may file "a petition to institute an inter partes review of the patent" in which they "may request to cancel as unpatentable 1 or more claims of a patent" only on specified grounds. *See* 35 U.S.C. § 311(a), (b).

The Patent Act specifies every step of the inter partes review process from the initial petition to the final appeal to this Court. A petition for inter partes review must identify "each claim challenged, the grounds on which the challenge to each claim is based, and the evidence that supports the grounds for the challenge to each claim." 35 U.S.C. § 312(a)(3). The patent owner may file a response to the petition, and the PTO Director must decide within three months of receiving that response whether to

3

institute an inter partes review.[1]  *Id.* § 314(b).  As a "[t]hreshold" condition, Congress instructed that "[t]he Director may not authorize an inter partes review to be instituted unless the Director determines that the information presented in the petition . . . and any response . . . shows that there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition." *Id.* § 314(a).  Congress further directed that the PTO's decision whether to institute an inter partes review shall be "final and nonappealable." 35 U.S.C. § 314(d); *see In re Cuozzo Speed Techs., LLC*, 778 F.3d 1271, 1276 (Fed. Cir. 2015).

Once an inter parties review is instituted, the Board conducts an adversarial trial on the merits of the claims at issue.  *See* 35 U.S.C. § 316(a), (c).  "If an inter partes review is instituted and not dismissed under this chapter, the Patent Trial and Appeal Board shall issue a final written decision with respect to the patentability of any patent claim challenged by the petitioner and any new claim added under section 316(d)." 35 U.S.C. § 318(a).

The Board's final patentability decision is then subject to direct appeal in this Court.  *See* 35 U.S.C. § 319; *St. Jude Med., Cardiology Div., Inc.* v. *Volcano Corp.*, 749 F.3d 1373, 1376 (Fed. Cir. 2014) (the Patent Act "provides for an appeal to this court only of the Board's decision at the second step" of an inter partes review under 35 U.S.C. § 319).  Congress specified that this Court is the exclusive venue for judicial review of

---

[1] The Director has delegated her authority to make institution decisions to the Patent Trial and Appeal Board.  *See* 37 C.F.R. § 42.4(a).

the Board's decisions in inter partes review proceedings. *See* 35 U.S.C. § 141(c) ("A party to an inter partes review . . . who is dissatisfied with the final written decision of the Patent Trial and Appeal Board . . . may appeal the Board's decision only to the United States Court of Appeals for the Federal Circuit."); *id.* § 314(d) (institution decision is "final and nonappealable").

## 2.     PTO Regulations Governing Inter Partes Review

Congress further authorized the PTO to "prescribe regulations" governing the conduct of inter partes reviews. 35 U.S.C. § 316(a). Among other matters, Congress directed the PTO to issue regulations "setting forth the standards for the showing of sufficient grounds to institute a review under section 314(a)" and "establishing and governing inter partes review under this chapter." *Id.* § 316(a)(2), (4). In prescribing such regulations, Congress instructed the PTO to "consider the effect of any such regulation on the economy, the integrity of the patent system, the efficient administration of the Office, and the ability of the Office to timely complete proceedings instituted under this chapter." *Id.* § 316(b).

Pursuant to these delegations of authority, the PTO has issued various regulations governing inter partes reviews. *See* 37 C.F.R. §§ 42.100-42.123. As particularly relevant here, the agency promulgated 37 C.F.R. § 42.108, which provides that "[w]hen instituting inter partes review, the Board may authorize the review to proceed on all or some of the challenged claims and on all or some of the grounds of unpatentability asserted for each claim." *Id.* § 42.108(a). In its notice-and-comment

5

rulemaking adopting this rule, the PTO considered comments urging an alternative approach of instituting on all claims challenged in a petition whenever just one claim meets the threshold. *See* 77 Fed. Reg. 48,680, 48,702-03 (Aug. 17, 2012) (Comment 60). In declining to adopt that suggestion, the PTO explained that its claim-by-claim approach to instituting inter partes reviews would "streamline and converge the issues for consideration," "aid[] in the efficient operation of the Office and the ability of the Office to complete the proceeding within the one-year timeframe," and avoid burdening patent owners with "responding to non-meritorious grounds that fail to meet the initial thresholds." *Id.* at 48,703.

The PTO also issued regulations covering the AIA's new post-issuance review proceedings more generally. *See* 37 C.F.R. §§ 42.1-42.80. Among these is a regulation concerning the estoppel effect under 35 U.S.C. § 315(e) of an instituted inter partes review in future PTO actions. Section 315(e) provides that a petitioner "in an inter partes review of a claim in a patent . . . that results in a final written decision under section 318(a)" may not request certain PTO actions or raise challenges in civil litigation seeking to invalidate patent claims "on any ground that the petitioner raised or reasonably could have raised during that inter partes review." 35 U.S.C. § 315(e). The PTO has issued regulations clarifying that the estoppel imposed by section 315(e) applies on a claim-by-claim basis and forecloses relitigation only as to those claims for which the petitioner or its privy "has obtained a final written decision on patentability." 37 C.F.R. § 42.73(d)(1); *see* 77 Fed. Reg. at 48,703.

C.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

1.    **Inter Partes Review Of The '376 Patent**

In September 2012, Synopsys filed a petition to institute inter partes review of 29 claims in the '376 patent.  Complaint ¶ 15 [JA34]; *see also* Pet. for Inter Partes Review, *Synopsys, Inc. v. Mentor Graphics Corp.*, IPR2012-00042 (P.T.A.B. Sept. 26, 2012).[2]  In its institution decision, the Board determined that Synopsys had shown a likelihood of prevailing with respect to—that is, a likelihood of demonstrating the unpatentability of—12 of these claims, and therefore instituted IPR2012-00042 on only those 12 claims.  Complaint ¶¶ 16-17 [JA35].  On February 19, 2014, the Board issued a final written decision with respect to patentability in that proceeding, concluding that three of the claims on which review had been instituted were unpatentable, but that Synopsys had not demonstrated that the remaining nine were. *See id.* at ¶ 18, [JA35]; JA141.  Synopsys appealed that final written decision to this Court, and Mentor cross-appealed.  *See* Nos. 2014-1516 & 2014-1530.

2.    **Mentor's APA Challenge To The PTO's Institution Decision**

After the PTO had issued its institution decision in IPR2012-00042, but before it had issued its final written decision with respect to patentability, Mentor filed an APA suit in the United States District Court for the Eastern District of Virginia

---

[2] One day after filing its IPR petition, Synopsys filed a declaratory judgment action against Mentor seeking to invalidate all claims of the '376 patent. *See* Dkt. 1, Complaint, *Synopsys, Inc. v. Mentor Graphics Corp.*, No. 13-cv-00579 (D. Or. Sept. 27, 2012) (transferred from the Northern District of California, No. 12-cv-05025).

seeking to set aside the agency's decision to institute inter partes review of the '376 patent. *See* Complaint, Dkt. 1, *Mentor Graphics Corp. v. Rea*, No. 13-cv-00518 (E.D. Va. Apr. 29, 2013). Mentor argued that the Board had erroneously interpreted section 315(b)'s bar on instituting inter partes reviews and sought an order enjoining the administrative proceeding. *See id.*; Dkt. 25 at 1-2, Case No. 13-cv-00518 (E.D. Va. May 10, 2013). Synopsys intervened and moved to dismiss Mentor's complaint, arguing that Mentor's APA challenge to the institution decision was an impermissible collateral attack on the agency proceeding. In particular, Synopsys contended that the AIA's exclusive framework for judicial review of PTO decisions in inter partes review proceedings—including Congress's instruction that the PTO's institution decisions shall be "final and nonappealable"—precluded a freestanding APA action in district court. *See* Dkt. 34 at 14-19, Case No. 13-cv-00518 (E.D. Va. May 24, 2013) [JA209-214]. Synopsys further argued that, in any event, appellate review in this Court of the Board's final written decision constituted an "adequate remedy in a court" under 5 U.S.C. § 704, thereby foreclosing a separate APA cause of action. *Id.* The district court agreed and dismissed the complaint.[3] *See* Dkt. 47, Case No. 13-cv-00518, 2013 WL 3874522, at *2-*3 (E.D. Va. July 25, 2013).

---

[3] Mentor's appeal of that decision is currently stayed pending this Court's decision in *Versata Development Group, Inc. v. Lee*, Case No. 14-1145 (Fed. Cir.).

### 3.    Synopsys's APA Challenge To The PTO's Decisions

After the district court dismissed Mentor's APA action requesting invalidation of the Board's decision to institute IPR2012-00042, the Board issued its final patentability decision in that inter partes review in February 2014.  *See* JA90.  The Board concluded that Synopsys had shown by a preponderance of the evidence that claims 5, 8, and 9 were unpatentable, but had failed to do so for the remaining nine claims on which review had been instituted.  JA141.  After both parties noticed their appeals of that final decision to this Court, Synopsys filed this civil action under the APA in the Eastern District of Virginia.  *See* Complaint at 1 [JA31].

Synopsys's complaint described its petition to institute inter partes review of Mentor's '376 patent, the Board's institution decision declining to initiate review on all 29 claims Synopsys identified, and the resultant PTO final written decision addressing the 12 claims for which review was instituted and ultimately cancelling only three such claims.  Complaint ¶ 15-19 [JA34-35].  The complaint alleges that the PTO erred in its institution decision—the same institution decision that Synopsys had argued Mentor could *not* challenge under the APA—and final decision because, in Synopsys's view, the Board was required to institute review and resolve the patentability of every claim challenged in Synopsys's petition once it decided to institute review of even a single claim challenged in the petition.  *See id.* ¶ 30 [JA38] (alleging that PTO "was required to institute *inter partes* review of the petition as a whole once it determined that Synopsys had a reasonable likelihood of success as to at least one claim challenged in

the petition and then issue a written decision that addresses the patentability of all of the claims challenged by the petitioner, not just a subset of those claims."); *id.* ¶ 19 [JA35] (asserting that the final decision violated 35 U.S.C. § 318(a) because it "did not include any decision regarding the patentability of the claims that Synopsys had challenged but for which the Board had not instituted proceedings"). To satisfy the APA's "final agency action" requirement, Synopsys specifically cited the PTO's "issuance of a final written decision in IPR2012-00042 on February 19, 2014"—*i.e.*, the Board's final patentability decision in the inter partes review concerning the '376 patent. Complaint ¶ 24 [JA36].

As relief for the errors that Synopsys alleged the PTO made in its institution decision and in the ensuing inter partes review, Synopsys requested that the district court declare the partial institution decision unlawful and order the agency to render new institution and final decisions with respect to the '376 patent. *See* Complaint at 11 [JA41] (requesting that the district court order PTO "to institute an *inter partes* review and issue a final written decision with respect to the patentability of all claims challenged by Synopsys in its petition for inter partes review"). Mentor intervened in the case. *See* Dkt. 16 [JA155].

### 4.    The District Court's Decision

The district court granted the government's motion to dismiss. *See* Op. 2 [JA2]. The district court characterized "the issue before the Court [as] whether the . . . [AIA] precludes this Court's review of a USPTO decision to institute 'partial' inter partes

review proceedings, and to ultimately issue a final written decision on some, but not all, of the challenged claims" Synopsys had raised in its petition. *Id.* The court noted the "presumption that favors judicial review of administrative action," but concluded that "the express statutory language and the legislative history of the AIA show by clear and convincing evidence that Congress intended to vest the Federal Circuit with exclusive jurisdiction over judicial review of post-grant patentability decisions made by" the PTO. Op. 10 [JA10].

The district court emphasized that "'[a] party to an inter partes review or a post-grant review who is dissatisfied with the final written decision of the [Board] . . . may appeal the Board's decision only to the United States Court of Appeals for the Federal Circuit.'" Op. 12 [JA12] (alterations in original) (quoting 35 U.S.C. §§ 141(c), 319). Here, the district court explained, "Synopsys is dissatisfied with the Board's final written decision," and "[m]ore precisely . . . it is dissatisfied that the Board only instituted inter partes review on some of its challenged claims." Op. 14 [JA14]. But that "threshold determination is not appealable or reviewable under the plain language of the statute." *Id.* (citing 35 U.S.C. § 314(d)). And in any event, the court reasoned, "the statute clearly dictates that Synopsys's appeal lies only with the Federal Circuit." Op. 15 [JA15].

The court rejected Synopsys's attempt to "create jurisdiction in this Court" by recasting its challenge to the agency's inter partes review decisions concerning the '376 patent as an attack on the regulation that authorized those decisions. Op. 15 [JA15].

11

Permitting that tactic, the court concluded, would defeat Congress's intent to streamline the inter partes review process, creating a "bifurcated judicial review system, where district courts could adjudicate some post-grant patentability claims, while other claims could be appealed directly to the Federal Circuit." Op. 16-17 [JA16-17].  Congress, the court stressed, was entitled to "prescribe the procedures and conditions under which, and the courts in which, judicial review of administrative orders may be had."  Op. 19 [JA19] (emphasis and internal quotation marks omitted).

As an additional ground for dismissal, the district court concluded "that the AIA provides an alternative adequate remedy in the Federal Circuit, thus barring judicial review in" the district courts under 5 U.S.C. § 704.  Op. 21 [JA21].  The court explained that, even if Synopsys could not challenge "the regulation and partial institution of inter partes review" in its appeal of the final written decision to the Federal Circuit, an adequate judicial remedy under section 704 need not "provide relief identical to the relief under the APA, so long as it offers relief of the same genre."  Op. 21-22 [JA21-22] (internal quotation marks omitted).  The court reasoned that "[t]he scope of the Federal Circuit's judicial review does not modify or somehow alter Congress's grant of exclusive jurisdiction to that court."  *Id.*

## SUMMARY OF ARGUMENT

Synopsys filed a petition for inter partes review of the '376 patent, obtained a final patentability decision from the Board, and appealed the Board's patentability decision to this Court.  Not content with that authorized route of judicial review,

however, Synopsys also filed this APA lawsuit in district court alleging that the PTO had erred in failing to institute review of, and render a final decision on, every claim of the '376 patent that Synopsys challenged in its petition. The district court correctly dismissed the complaint.

Under the plain language of the Patent Act, Synopsys cannot appeal the PTO's institution decision, which is "final and nonappealable." 35 U.S.C. § 314(d); *see In re Cuozzo Speed Techs., LLC*, 778 F.3d 1271, 1276 (Fed. Cir. 2015). And Synopsys cannot accomplish the same result through a collateral attack on that institution decision in district court under the APA. Nor can Synopsys challenge the PTO's final patentability decision in district court. Congress could scarcely have been more clear that such challenges may be brought "only" in this Court. 35 U.S.C. §§ 141(c), 318(a), 319. Consequently, as the district court recognized, there is no role for district courts in reviewing the PTO's decisions in inter partes review proceedings.

In appealing the district court's ruling, Synopsys makes virtually no effort to defend the complaint that it actually *filed*. Rather, apparently recognizing the error of the theory on which it commenced this case, Synopsys effectively re-pleads its complaint on appeal, urging that its lawsuit has little or nothing to do with the '376 patent and merely asserts a facial challenge to a PTO regulation. But the district court did not err in taking Synopsys at its word that it was aggrieved by the PTO's decisions in a specific inter partes review and disposing of the case on that basis.

Even had Synopsys brought its complaint as reimagined on appeal, such a challenge would fail for lack of standing. The partial denial of Synopsys's petition challenging the '376 patent is the only concrete allegation of injury in the complaint. Synopsys nowhere alleges facts sufficient to support a prospective, facial challenge to the PTO's regulation authorizing the institution of inter partes reviews on a claim-by-claim basis. And the supplemental "facts" supplied for the first time in Synopsys's appellate brief do not alter that conclusion.

## STANDARD OF REVIEW

This Court reviews a district court's dismissal for lack of subject matter jurisdiction de novo. *See Pregis Corp. v. Kappos*, 700 F.3d 1348, 1354 (Fed. Cir. 2012).

## ARGUMENT

### I. THE DISTRICT COURT CORRECTLY DISMISSED SYNOPSYS'S COMPLAINT, WHICH ALLEGED A CASE-SPECIFIC CHALLENGE TO THE PTO'S DECISIONS IN A PARTICULAR INTER PARTES REVIEW

### A. The District Court Correctly Understood Synopsys's Complaint To Challenge Specific Inter Partes Review Decisions

The district court correctly recognized that, although ostensibly framed as a challenge to the PTO regulation governing the institution of inter partes reviews, Synopsys's complaint actually alleges that the PTO rendered unlawful institution and final decisions in a *specific* inter partes review: No. IPR2012-00042, which the agency instituted following Synopsys's petition for inter partes review of the '376 patent.

14

1. The complaint leaves little doubt that the error of which Synopsys complains—and the agency action for which it seeks relief—is the PTO's refusal to institute review and issue a final decision on every claim of the '376 patent challenged in Synopsys's petition. The "final agency action" that Synopsys cites as the basis for its APA complaint is the PTO's "issuance of a final written decision in IPR2012-00042 on February 19, 2014." Complaint ¶ 24 [JA36]. And in its prayer for relief, Synopsys does not merely ask for declaratory and injunctive relief against agency practices in general, but specifically requests that the district court direct the PTO to "to institute an *inter partes* review and issue a final written decision with respect to the patentability of all claims challenged by Synopsys in its petition for *inter partes* review." *Id.* at 11 [JA41].

Indeed, nearly every concrete factual allegation in the complaint concerns Synopsys's petition for inter partes review of the '376 patent and the PTO's disposition of it. Synopsys begins its background section by identifying the '376 patent and Mentor as the patent's assignee. Complaint ¶¶ 13-14 [JA34]. The complaint describes Synopsys's petition to institute an inter partes review of the '376 patent, including the particular patentability grounds on which it challenged particular claims. *Id.* ¶ 15 [JA34]. It recounts the PTO's institution decision and quotes from the Board's findings. *See id.* ¶ 16 [JA35] (citing Exhibit A, Case No. IPR2012-00042, paper 16). It complains that the Board "declined to institute proceedings in regard to claims 10, 12-15, 20-27, and 30-33 challenged in Synopsys' petition." *Id.* ¶ 17 [JA35].

15

And it explains that this institution decision led the PTO to "conduct[] the proceeding on its selected subset of challenged claims" and to "issue[] a final written decision regarding the Synopsys petition" in February 2014.  *Id.* ¶ 18 [JA35] (citing Exhibit B, Case No. IPR2012-00042, paper 60).

Synopsys then specifically alleges that the Board committed error with respect to the '376 patent:  the complaint asserts that the Board's final written decision in IPR2012-00042  was "[c]ontrary to the requirements of 35 U.S.C. § 318(a)" because it "did not include any decision regarding the patentability of the claims that Synopsys had challenged but for which the Board had not instituted proceedings."  Complaint ¶ 19 [JA35].  Synopsys goes on to allege that, "[h]ad all of the challenged claims in its petition for *inter partes* review been addressed in the Board's final written decision, as required by statute, Synopsys would have been able to seek judicial review in the Federal Circuit as to all of the challenged claims."  *Id.* ¶ 20 [JA35].

Accordingly, the complaint asserts in Count I that the Board's "issuance of a final written decision in IPR2012-00042 on February 19, 2014" constituted "final agency action of the USPTO within the meaning of 5 U.S.C. § 704."  Complaint ¶ 24 [JA36].  It recites that "[t]here are no relevant available administrative remedies that Synopsys has not exhausted with respect to the claims the Board refused to hear."  *Id.* at ¶ 25 [JA36].  And it contends that the PTO acted unlawfully in failing to institute review on every claim presented in Synopsys's petition challenging the '376 patent.  *See* Complaint ¶¶ 29-31 [JA37-38] (asserting that "Synopsys challenged claims 1-15

16

and 20-33 of the '376 patent in its petition," and that because PTO determined Synopsys had established a reasonable likelihood of prevailing on 12 of these claims, it "acted contrary to the clear statutory language and exceeded its statutory authority when it instituted review only as to some of the claims challenged in the petition").

Similarly, in Count II, the complaint challenges the PTO's allegedly unlawful "refus[al] to address the patentability of the non-instituted claims in its final written decision" with respect to the '376 patent. Complaint ¶¶ 34-36 [JA39] ("[T]he Board failed to provide a final written decision as to the patentability of claims 10, 12-15, 20-27, and 30-33, all of which were challenged by Synopsys in its petition to institute *inter partes* review."). And although the final two counts purport to seek broader relief against the PTO's "policy and practice of partially granting petitions for *inter partes* review," *id.* ¶¶ 37-40 [JA39-40], the complaint nowhere suggests that Synopsys has been injured by that "policy and practice" other than with respect to the '376 patent.

2. Faced with these allegations, the district court correctly recognized Synopsys's complaint as a challenge to the PTO's specific institution and final decisions in IPR2012-00042. Indeed, the court could hardly have concluded otherwise: the partial denial of Synopsys's petition challenging the '376 patent is the only concrete and particularized injury to Synopsys identified in the complaint. For all that appears in the district court record, Synopsys has no other basis to object to the PTO's institution practices.

The omission of any other allegation of actual or imminent injury is compelling evidence that Synopsys's complaint is, in substance, a back-door appeal of the PTO's decisions in IPR2012-00042. At every turn, Synopsys describes its injury in terms of the PTO's allegedly improper resolution of its challenge to Mentor's '376 patent. It explicitly alleges error in the PTO's disposition of that petition. It identifies the Board's final written decision concerning the '376 patent as the "final agency action" that supports APA review. And it seeks particularized relief with respect to the '376 patent.

The district court thus properly understood the question that Synopsys's complaint actually placed before it: whether the Patent Act "precludes this Court's review of a USPTO decision to institute 'partial' inter partes review proceedings and to ultimately issue a final written decision on some, but not all, of the challenged claims originally raised by the petitioner." Op. 2 [JA2].

## B.    Synopsys Cannot Ignore Its Complaint On Appeal

Synopsys does not seriously attempt to defend the complaint that the district court dismissed. Instead, in its opening brief in this Court, Synopsys reinvents its complaint as a request only for "a ruling on the validity of the PTO's regulation, not a ruling on the validity of any decision made by the Board during an *inter partes* review."

18

Br. 3.[4]  The question in this appeal, however, is whether the district court erred in dismissing the complaint that was actually in front of it, which *did* challenge specific PTO decisions.

It makes no difference that—as Synopsys now stresses—its complaint featured various prefatory paragraphs disclaiming any intent to challenge a specific institution decision.  *E.g.*, Complaint ¶ 12 [JA33-34].  As already discussed, the actual allegations in the complaint, together with the prayer for relief, made clear that the only injuries Synopsys sought to remedy in this suit were alleged errors in the PTO's resolution of IPR2012-00042.  Synopsys's failure in its opening brief to discuss those allegations does not establish that the district court erred in crediting them.  Indeed, even now, Synopsys does not disavow its request for a court order requiring a new institution decision with respect to the '376 patent, leaving room for Synopsys to contend that extraordinary relief should be available in the remand it seeks from this Court.  *See* Br. 28 n.10 (merely "assuming *arguendo* the government's position that a district court could not issue [case-specific] relief in an APA action").

---

[4] *See also*, *e.g.*, Br. 18-19 (describing its substantive disagreement with 37 C.F.R. § 42.108(a) but no other portion of its complaint); *id.* at 22 (asserting that "Synopsys challenges a PTO regulation"); *id.* at 28 (arguing that 35 U.S.C. § 314(d) "bars only challenges to case-specific determinations whether to institute review" but not "a challenge to a regulation that addresses the *inter partes* review process"); *id.* at 32-33 (describing "challenges, like Synopsys', to PTO regulations" Synopsys considers unlawful); *id.* at 37 ("Synopsys challenges a Board regulation, not a determination.").

Apparently recognizing the inadequacy of its complaint to support the broader relief on which it now focuses, however, Synopsys attempts to allege additional injuries in its appellate brief. In the "Factual and Procedural Background" section of its appellate presentation, Synopsys recites altogether new "facts" about its business and the consequences that Synopsys foresees for its patent portfolio from partial institution decisions. *See* Br. 17-18. But this Court should not countenance Synopsys's attempt to rewrite its complaint at the eleventh hour in this manner. Even after the government moved to dismiss Synopsys's complaint below on the ground that it constituted nothing more than a back-door appeal of PTO's actions in the inter partes review of the '376 patent, *see* JA 164-84, Synopsys did not try to amend its complaint to plead injuries beyond those it believes it sustained in that particular proceeding. Synopsys cannot now suggest that the district court erred in adjudicating the case on those terms.

Synopsys's citation in its appellate brief to various other inter partes review proceedings in which it is or was a participant, *see* Br. 17 n.7, only underscores that the complaint that Synopsys filed in the district court was in fact a targeted challenge to the PTO's decisions with respect to the '376 patent. In six of those eight proceedings, Synopsys is the *patent owner*, not the petitioner, and thus benefits from the partial

denial of the petition.[5]  Of the two cases in which Synopsys itself petitioned for inter partes review, furthermore, one resulted in a decision denying Synopsys's petition in its entirety.  *See* Paper No. 16, IPR2012-00041 (P.T.A.B. Feb. 22, 2013).  The last case is IPR2012-00042—Synopsys's challenge to the '376 patent, which formed the basis of Synopsys's complaint in this case.  In other words, the *only* example that Synopsys can cite of an inter partes review proceeding involving a partial denial of Synopsys's own petition for inter partes review is the very proceeding that, as the district court recognized, Synopsys sought to collaterally attack in its complaint below.

## C.    Synopsys's Reliance On *Bowen* And *McNary* Is Misplaced

Because the district court correctly understood Synopsys's complaint to allege a specific challenge to the PTO's resolution of IPR2012-00042, Synopsys's reliance on *Bowen v. Michigan Academy of Family Physicians*, 476 U.S. 667 (1986), and *McNary v. Haitian Refugee Center, Inc.*, 498 U.S. 479 (1991), is misplaced.  Synopsys invokes those decisions as support for its contention that a statutory bar on judicial review of a particularized agency determination does not foreclose APA review of the agency's

---

[5] *See* Decision Denying Institution of *Inter Partes* Review, IPR2014-01160 (P.T.A.B. Jan. 21, 2015), Paper No. 9; Decision Institution of *Inter Partes* Review, IPR2014-01159 (P.T.A.B. Jan. 21, 2015), Paper No. 11; Decision Institution of *Inter Partes* Review, IPR2014-01150 (P.T.A.B. Jan. 21, 2015), Paper No.11; Decision Denying Institution of *Inter Partes* Review, IPR2014-01153 (P.T.A.B. Jan. 21, 2015), Paper No. 7; Decision Institution of *Inter Partes* Review, IPR2014-01145 (P.T.A.B. Jan. 21, 2015), Paper No. 7; Decision Institution of *Inter Partes* Review, IPR2014-00287 (P.T.A.B. June 12, 2014), Paper No. 9.

regulations prescribing the conduct of such determinations.  As we have explained, however, the complaint that Synopsys filed in the district court is *not* a facial "challenge[] mounted against the method by which" PTO made its determinations in IPR2012-00042.  *Bowen*, 476 U.S. at 675-76 (emphasis omitted).  Rather, it is a challenge to "the determinations themselves." *Id.* at 675 (emphasis omitted).

Neither *Bowen* nor *McNary* involved a complaint that identified, as the final agency action supporting APA review, a particularized determination in a specific case.  *Cf.* Complaint ¶ 24 [JA36] (citing as the relevant agency action the PTO's "issuance of a final written decision in IPR2012-00042 on February 19, 2014").  And neither *Bowen* nor *McNary* involved a request for injunctive relief in a specific case.  *Cf.* Complaint at 11 [JA41] (requesting a court order directing the PTO to "issue a final written decision with respect to the patentability of all claims challenged by Synopsys in its petition for *inter partes* review").  Because Synopsys challenges an individualized determination and seeks individualized relief, neither *Bowen* nor *McNary* advances its cause.  *See McNary*, 498 U.S. at 495 (permitting review of agency practices where "the individual respondents in this action do not seek a substantive declaration that they are entitled to" a change in immigration status); *Bowen*, 476 U.S. at 675-76 (describing the challenge as a "suit to challenge the validity of 42 C.F.R. § 405.504(b)"); *see also Reno v. Catholic Soc. Servs., Inc.*, 509 U.S. 43, 56 (1993) (permitting a challenge to agency regulations under the APA where the complaint could be resolved "without referring to or relying on the denial of any individual application"); *Shalala v. Illinois Council on*

*Long Term Care, Inc.*, 529 U.S. 1, 11-12 (2000) (citation omitted) (noting that where "[t]he plaintiff class had asked for relief that included a direction to the Secretary to pay Social Security benefits to those entitled to them . . . this fact helped make clear that the action" came within the special statutory review scheme for such benefits challenges).

### D.    The District Court Correctly Dismissed the Complaint

The district court correctly held that it lacked jurisdiction to entertain Synopsys's collateral attack on the PTO's determinations in the inter partes review of the '376 patent.  As the district court explained, nothing in the AIA contemplates any role for federal district courts in reviewing PTO decisions in an inter partes review. Congress explicitly barred review of the PTO's decision "whether to institute" a particular inter partes review.  *See* 35 U.S.C. § 314(d); *Cuozzo*, 778 F.3d at 1276.  And it directed that the Board's final written decision as to patentability may be appealed "only" to this Court.  35 U.S.C. § 141(c).  That scheme unmistakably evinces Congress's intent to preclude resort to the default cause of action provided by the APA.  *See, e.g., Block v. Community Nutrition Inst.,* 467 U.S. 340, 345 (1984) (explaining that the APA's cause of action is available except to the extent that statutes preclude judicial review); *Pregis Corp. v. Kappos*, 700 F.3d 1348, 1357-59 (Fed. Cir. 2012) (concluding that the Patent Act's "intricate scheme for administrative and judicial review of PTO patentability determinations . . . evinces a clear Congressional intent to preclude actions under the APA").

23

This Court and the Supreme Court have consistently recognized that, by providing a detailed scheme for administrative and judicial review, Congress can—and often does—displace the APA's default cause of action. *See, e.g., Pregis Corp.*, 700 F.3d at 1358 ("[J]udicial review may be precluded when Congressional intent to do so is 'fairly discernible in the statutory scheme.'") (quoting *Block*, 467 U.S. at 351).[6]  Such a scheme may displace APA review even when it affords remedies that are different from, or less comprehensive than, those the APA would otherwise provide. *See, e.g., Block* v. *North Dakota*, 461 U.S. 273, 285-86 (1983) (holding that litigants may not invoke the general judicial review provisions of the APA to avoid the limitations inherent in other remedies); *Pregis Corp.*, 700 F.3d at 1360 (holding that the Patent Act's comprehensive review scheme precluded APA review of PTO's decision to issue a patent, even though no other avenue for review would permit challenges based on "every error during prosecution").

---

[6] This Court has also articulated the applicable standard as requiring "clear and convincing evidence of Congressional intent" to bar judicial review of agency action. *Conoco, Inc.* v. *U.S. Foreign-Trade Zones Bd.*, 18 F.3d 1581, 1585 (Fed. Cir. 1994).  As the Supreme Court has explained, however, the "clear and convincing evidence" standard is no different than the "fairly discernible intent" standard in this context.  "In the context of preclusion analysis, the 'clear and convincing evidence' standard is not a rigid evidentiary test but a useful reminder to courts that, where substantial doubt about the congressional intent exists, the general presumption favoring judicial  review of administrative action is controlling." *Block*, 467 U.S. at 351.  "That presumption," the Court made clear, does not control cases in which "congressional intent to preclude judicial review is 'fairly discernible' in the detail of the legislative scheme." *Id.*

Synopsys no longer appears to dispute these principles. While it contends that the district court misinterpreted its complaint, Synopsys no longer suggests that the district court could properly review the PTO's disposition of a particular inter partes review proceeding under the APA. Nor does it dispute that—as the district court held in the alternative—the availability of a direct appeal to this Court constitutes an "adequate remedy" under 5 U.S.C. § 704 and thereby precludes freestanding APA actions alleging error in inter partes reviews. And although Synopsys has not disclaimed its request for a court order directing the PTO to render new institution and final decision with respect to the '376 patent, it does not identify any legal theory on which a district court could plausibly award such relief consistent with the Patent Act. *See* 35 U.S.C. §§ 141(c), 314(d), 319.[7]

Indeed, Synopsys itself recognized that APA review in district court of the PTO's institution decisions is foreclosed when it intervened to oppose Mentor's earlier APA challenge to the same institution decision that Synopsys now contends was unlawful. *See* JA209; *see also* JA241 (Synopsys's argument that Congress's "carefully calibrated scheme governing judicial review of *inter partes* proceedings . . .

---

[7] As the Director explained in detail in her brief in *Versata Development Group, Inc. v. Lee*, No. 2014-1145 (argued Dec. 3, 2014), allowing APA review in federal district court of the PTO's decisions in individual inter partes review proceedings would severely disrupt Congress's carefully drawn scheme in the AIA. Because we do not understand Synopsys to dispute that principle in this Court, however, we have not reprised our arguments on that score here.

vests review entirely in the Federal Circuit").[8]  As a defendant in that suit, it was in

Synopsys's interest to defeat Mentor's APA claim and protect the integrity of the

PTO proceeding, in which Synopsys hoped to prevail.  Synopsys accordingly argued

that "Congress vested judicial review of *inter partes* proceedings exclusively in the

Federal Circuit, and entirely foreclosed judicial review of the decision whether to

institute such proceedings."  JA209.

Now dissatisfied with the result of the PTO proceeding, however, Synopsys

has filed its own APA suit attacking the same decision.  Synopsys argues that this

about-face is permissible because it purports to challenge the rules that guided the

PTO's decision, rather than the decision itself.  Like Mentor, however, Synopsys

alleges error in one specific inter partes review proceeding and seeks an APA remedy

tailored to that proceeding.  If APA review of particular inter partes review decisions

were available in the district courts so long as a party artfully pleads its complaint as

challenging the PTO's reliance on regulations or practices in a particular decision,

Mentor could have maintained its APA suit simply by alleging that the PTO had a

regulation or practice entrenching the interpretation of section 315(b) Mentor

---

[8] Synopsys's attempts to reconcile its position in this case with its motion to
dismiss Mentor's APA suit are unpersuasive.  *See* Br. 27 n.9.  As explained above,
Synopsys's complaint, like Mentor's, explicitly asserted that the PTO erred in its
institution decision with respect to the '376 patent.  Nor did Mentor's case concern
merely "one of [Mentor's] patents."  *See id.*  Rather, in that case, Mentor attacked the
same institution decision of the same '376 patent that Synopsys challenged in its
complaint here.  *See* Complaint at 1-12 [JA31-42].

considers flawed.  But the comprehensive, streamlined system of judicial review of inter partes review decisions does not permit such circumvention when Synopsys is dissatisfied with such decisions any more than when it is satisfied.[9]

The district court correctly understood Synopsys's complaint as a collateral attack on the PTO's decisions in IPR2012-00042.  The district court thus correctly held that the detailed scheme for administrative and judicial review of inter partes review decisions precludes Synopsys's attempt to use the APA to redress perceived errors in the PTO's institution and final decisions in that proceeding.  *See* Op. 10-21 [JA10-21].   The court therefore correctly dismissed the complaint.[10]

---

[9] Permitting Synopsys's challenge here to go forward would, moreover, reward the sort of strategic behavior courts have in the past refused to condone.  *See, e.g., Interactive Gift Express, Inc. v. Compuserve Inc.*, 256 F.3d 1323, 1345, 1349 (Fed. Cir. 2001) (holding party judicially estopped from "changing its claim construction position on appeal from any position that it successfully advanced at the district court," explaining "the perversion of the judicial process resulting from adopting inconsistent legal positions").  When Mentor challenged the PTO's institution decision on the '376 patent, Synopsys argued that "[t]he Board's decision to institute *inter partes* review was *fully* correct."  JA214 (emphasis added).  Preventing Mentor's challenge from proceeding meant that the PTO was free to continue adjudicating Synopsys's challenge on the 12 claims for which PTO instituted IPR2012-00042, and to ultimately issue a final written decision canceling three of those claims.  Synopsys thus received, without delay, some of the benefit it sought by challenging Mentor's patent.  But once it had reaped this reward, Synopsys proceeded to file its own challenge on the basis that the PTO's institution decision—the same institution decision it had previously asserted was "fully correct"—was unlawful and warranted revision.

[10] For essentially the same reasons, the district court was correct in concluding that the AIA's judicial review scheme provides an alternate "adequate remedy in a court" under 5 U.S.C. § 704, thus barring an APA challenge to particular inter partes review decisions.  *See* JA21-22; *Pregis Corp.*, 700 F.3d at 1357-61 (pointing to the Patent

*Continued on next page.*

## II.   AS PRESENTED ON APPEAL, SYNOPSYS'S APA CHALLENGE WOULD FAIL FOR LACK OF STANDING

For the foregoing reasons, the district court correctly recognized Synopsys's complaint for what it was and dismissed it on that basis.  But even if Synopsys had actually filed the lawsuit described in its appellate brief, dismissal would have been warranted.  As already discussed, the partial denial of Synopsys's petition challenging the '376 patent is the only concrete allegation of injury in the complaint.  Synopsys nowhere alleges facts sufficient to support a prospective, facial challenge to 37 C.F.R. § 42.108(a), the PTO regulation authorizing the institution of inter partes reviews on a claim-by-claim basis.  The supplemental "facts" articulated for the first time in Synopsys's appellate brief do not alter that conclusion.

A regulation is not subject to facial challenge under the APA at the behest of any party who contends it was issued in error.   Rather, as the Supreme Court has explained, the plaintiff in such an lawsuit "must show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the

---

Act provisions permitting third-party challenges to patents as evidence of both preclusion and an adequate remedy).  Whether the AIA's carefully channeled and limited judicial review provisions are understood as precluding an APA end-run around those provisions, or instead as providing an adequate remedy to parties dissatisfied with the agency's ultimate final written decision regarding patentability, the district court correctly recognized that the type of APA challenge Synopsys brought in its complaint cannot proceed.

challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009); *see also Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1147 (2013). Consequently, even where there is no statutory bar to a civil action "challenging the legality of a regulation," a plaintiff's claim "still must satisfy the jurisdictional and justiciability requirements that apply in the absence of a specific congressional directive." *Reno v. Catholic Soc. Servs., Inc.*, 509 U.S. 43, 56 (1993).

If Synopsys's freestanding APA challenge to 37 C.F.R. § 42.108(a) can proceed, therefore, it must rest on concrete allegations of actual or imminent injury that a federal district court can properly redress or prevent. But Synopsys has failed to make any such showing, either in its complaint (where such allegations belong) or in its appellate brief. Synopsys's allegation that the PTO once erred in the past by instituting review of the '376 patent cannot support such a claim, because that is not an injury that a district court can redress. *See* 35 U.S.C. § 314(d). Likewise, the contention that Synopsys previously received a final written decision from the Board with which Synopsys is dissatisfied cannot support an APA claim, because Congress committed review of such contentions exclusively to this Court. *See* 35 U.S.C. § 141(c).

Synopsys nowhere alleges concrete facts demonstrating a likelihood of prospective, imminent injury attributable to 37 C.F.R. § 42.108(a) and redressable by a district court. To make such a showing, Synopsys would need to demonstrate, at a

minimum, (1) that the PTO will apply its regulations in the future in a manner that will prejudice Synopsys, and (2) that such an injury "is *certainly* impending." *Clapper*, 133 S. Ct. at 1147 (emphasis in original).  As the Supreme Court recently emphasized, "[a]lthough imminence is concededly a somewhat elastic concept, it cannot be stretched beyond its purpose, which is to ensure that the alleged injury is not too speculative for Article III purposes." *Id.* (internal quotation marks omitted).  Thus, the Court has "repeatedly reiterated that . . . '[a]llegations of *possible* future injury' are not sufficient." *Id.* (alteration in original) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990) (collecting cases)).  The Court has rejected as inconsistent with these principles a standard that would permit plaintiffs who demonstrate an "objectively reasonable likelihood" of future injury to proceed.  *Id.* at 1147-48.

Nothing in the complaint remotely makes out such a showing.  It does not allege or even suggest that Synopsys faces any prospective likelihood of injury attributable to the PTO's regulations.  It does not refer to future events or impending injury at all.  The only inter partes review proceeding mentioned in the complaint is the proceeding whose result Synopsys plainly seeks to overturn:  Synopsys's challenge to the '376 patent.

Nor would the facts asserted for the first time in Synopsys's appellate brief (Br. 17-18) support a facial challenge to PTO regulations.  Synopsys contends on appeal that "its significant number of patents and the competitiveness of the integrated circuit design industry" mean "it will likely be a frequent participant in future *inter*

*partes* reviews." *Id.* Thus, Synopsys asserts that it "has a significant interest in ensuring that the PTO carries out the *inter partes* review process in a manner consistent with the statute." Br. 18. Even if Synopsys had actually included such allegations in its complaint, they would demonstrate at most a possibility of future prejudice from the regulation Synopsys challenges—not that such an injury is likely, let alone that it is "*certainly* impending."

Indeed, Synopsys's appellate brief only highlights the gap between Article III's requirements and Synopsys's belated allegations. In arguing that it is entitled to raise a facial challenge to PTO regulations because it is a frequent participant in inter partes review proceedings, Synopsys identifies eight such proceedings in which it was or is a participant. As already noted (*see supra* p.20-21 & n.5), however, in six of those proceedings, Synopsys was the patent owner, not the petitioner. In that posture, the PTO regulation that Synopsys here seeks to challenge can only *benefit* Synopsys by placing fewer of its patent claims at risk of cancellation.[11] Of the two examples of

---

[11] Indeed, in three of the proceedings Synopsys cites for the first time on appeal—IPR2014-01145, IPR2014-01150, and IPR2014-01159—Synopsys benefitted without objection from the rule they now challenge, with the Board instituting review of only a subset of Synopsys's claims others had challenged. Unsurprisingly, Synopsys stops short of asserting that its own claims on which the Board declined to institute review should be put at risk of cancellation, or that the petitioners in those proceedings should have another chance to prove the unpatentability of those claims. Moreover, even if proceedings in which Synopsys is the patent owner could somehow bear on the possibility that Synopsys as the petitioner would in future receive the sort of institution and final decisions it complains about here, five of these six proceedings Synopsys invokes would be irrelevant to this standing inquiry, since they were filed

*Continued on next page.*

proceedings in which Synopsys was the petitioner, furthermore, one resulted in an order denying Synopsys's petition in its entirety. *See* Paper No. 16, IPR2012-00041(P.T.A.B. Feb. 22, 2013). The other was IPR2012-00042—*i.e.*, the challenge to the '376 patent that formed the basis of Synopsys's complaint in this case. And as Synopsys now appears to acknowledge, the result of that now-concluded proceeding could not be affected by any prospective relief Synopsys could obtain in a district court APA action.

Moreover, Synopsys fails to explain how the district court in an APA action could redress even the harms it does assert. Even if the district court were to reach the merits and conclude that 37 C.F.R. § 42.108(a) were somehow inconsistent with the Patent Act, the court could not properly enjoin or interfere with any pending or completed inter partes review proceeding. Instead, the proper remedy would be a declaration that left the agency free to issue a new regulation consistent with the statute. *See, e.g., Sierra Club v. EPA*, 719 F.2d 436, 464 (D.C. Cir. 1983) (overturning agency definition of statutory term and "direct[ing] EPA to develop rules" consistent with the court's interpretation of the statute); 33 Charles Alan Wright & Charles H. Koch, Jr., *Federal Practice and Procedure: Judicial Review* § 8313, at 94 (2006) ("A court should be particularly careful about intrusive remedies in the context of rulemaking.").

---

*after* Synopsys filed its complaint. *See Paradise Creations, Inc. v. UV Sales, Inc.*, 315 F.3d 1304, 1309 (Fed. Cir. 2003) ("'[S]tanding is to be determined as of the commencement of suit.'") (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 570 n.5 (1992)).

The AIA specifies when the PTO may *not* institute inter partes review, but it does not cabin the agency's discretion as to when to move forward with a review. *See* 35 U.S.C. §§ 312(a), 314(a), (d), 315(a), (b) (specifying circumstances in which PTO "may not" institute review, but providing no instance in which PTO must institute review). If a court concluded that Congress intended the PTO to make institution decisions in the all-or-nothing manner that Synopsys advocates, therefore, the appropriate remedy would be a remand to adopt a new rule consistent with that interpretation.

It is no answer simply to assert, as Synopsys does, that it is entitled to obtain judicial review of the facial validity of PTO regulations. Judicial review of agency action is available only where the requirements of Article III are satisfied. *See Consumer Watchdog v. Wisconsin Alumni Research Found.*, 753 F.3d 1258, 1261 (Fed. Cir. 2014); *see also Madstad Eng'g, Inc. v. U.S. Patent and Trademark Office*, 756 F.3d 1366, 1375 (Fed. Cir. 2014). It should not be surprising that many litigants will be unable to allege the sort of concrete, imminent injury that will support a facial challenge to an agency regulation.[12] As the Supreme Court has stressed, "[a]bsent a statutory

---

[12] Of course, where a party establishes that an allegedly unlawful regulation affected the merits phase of inter partes review—not just the first phase in which PTO decides whether to institute inter partes review, *see* 35 U.S.C. § 314(d)—it can challenge the regulation's validity directly on review in this Court under 35 U.S.C. § 319. Thus, in *Cuozzo*, this Court reviewed on the merits—without any governmental objection—a patent owner's challenge to 37 C.F.R. § 42.100(b), which provides that "[a] claim in an unexpired patent shall be given its broadest reasonable construction in light of the specification of the patent in which it appears." *Cuozzo*, 778 F.3d at 1278-82. Synopsys is therefore incorrect to suggest that the government's

*Continued on next page.*

provision providing for immediate judicial review, a regulation is not ordinarily considered the type of agency action 'ripe' for judicial review under the [APA] until the scope of the controversy has been reduced to more manageable proportions, and its factual components fleshed out, by some concrete action applying the regulation to the claimant's situation in a fashion that harms or threatens to harm him." *National Park Hospitality Ass'n v. Department of Interior*, 538 U.S. 803, 808 (2003) (alterations omitted) (quoting *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 891 (1990)).

In the AIA, Congress has channeled judicial review of the PTO's conduct of inter partes review proceedings to this Court, 35 U.S.C. § 141(c), and it has expressly circumscribed the bounds of that review, *id.* § 314(d); *see Cuozzo*, 778 F.3d at 1276.  If the result is that plaintiffs will rarely be able to establish the Article III predicates for a freestanding APA action to the PTO's institution-related regulations in district court, that is simply the consequence of the scheme that Congress enacted in the AIA.  As the Supreme Court has emphasized, the contention that a particular plaintiff must have standing because otherwise no one would have standing "is not a reason to find standing." *Valley Forge Christian Coll. v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 489 (1982) (noting that "[t]his view would convert standing into a requirement that must be observed only when satisfied").  And whatever future

---

position forecloses review of all regulations implementing inter partes review. *See* Br. 24.

litigants may or may not be able to demonstrate, Synopsys here has not made the

necessary showing, either in its complaint or on appeal.

## CONCLUSION

For the foregoing reasons, the judgment of the district court should be

affirmed.

Respectfully submitted,

*Of Counsel:*

    NATHAN K. KELLEY
      *Solicitor*

    JAMIE L. SIMPSON
    SCOTT C. WEIDENFELLER
      *Associate Solicitors*
      *Office of the Solicitor – Mail Stop 8*
      *U.S. Patent and Trademark Office*
      *P.O. Box 1450*
      *Alexandria, Virginia  22313-1450*

MAY 2015

BENJAMIN C. MIZER
    *Principal Deputy Assistant*
    *Attorney General*

DANA J. BOENTE
    *United States Attorney*

MARK R. FREEMAN
/s/ Melissa N. Patterson
MELISSA N. PATTERSON
    *(202) 514-1201*
    *Attorneys, Appellate Staff*
    *Civil Division, Room 7230*
    *U.S. Department of Justice*
    *950 Pennsylvania Ave., N.W.*
    *Washington, D.C.  20530*

## CERTIFICATE OF COMPLIANCE WITH
## FEDERAL RULE OF APPELLATE PROCEDURE 32(a)

I hereby certify that this brief complies with the requirements of Fed. R. App.

P. 32(a)(5) and (6) because it has been prepared in 14-point Garamond, a

proportionally spaced font.

I further certify that this brief complies with the type-volume limitation of Fed.

R. App. P. 32(a)(7)(B) because it contains 9,134 words, excluding the parts of the brief

exempted under Rule 32(a)(7)(B)(iii), according to the count of Microsoft Word.


/s/Melissa N. Patterson
MELISSA N. PATTERSON

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2015, I electronically filed this brief with the Clerk of the Court for the United States Court of Appeals for the Federal Circuit by using the appellate CM/ECF system. I further certify that I will cause six paper copies to be filed with the Court within five days of the Court's acceptance of the brief.

The participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

/s/Melissa N. Patterson
MELISSA N. PATTERSON